UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN M MCCLAM II,

                Plaintiff,

     v.

KING COUNTY JAIL, et al.,

                Defendants.

Case No. C19-96-RAJ-MLP

ORDER GRANTING MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiff is proceeding *pro se* in this 42 U.S.C. § 1983 prisoner civil rights action. On July 23, 2019, the Court issued a pretrial scheduling order directing the parties to complete discovery by October 24, 2019, and to file dispositive motions by November 25, 2019. (Dkt. # 16.) With respect to discovery, the Court required parties to serve "discovery requests at least thirty (30) days before the deadline in order to allow the other party time to answer." (*Id.* at 1-2.) Plaintiff did not timely serve any discovery requests on Defendants.

On September 26, 2019, Plaintiff signed a motion to extend the discovery deadline to December 31, 2019, which was filed with the Court on October 3, 2019. (Dkt. # 18.) In support of his motion, Plaintiff states:

> I have been diligently working on trying to get my discovery requests completed by the September 25, 2019, deadline. In addition to my limited legal training and

ORDER GRANTING MOTION TO EXTEND
DISCOVERY DEADLINE - 1

> experience, the law library access at this prison is extremely limited. I am simply unable to access the law library enough to allow me to adequately research and complete my discovery requests by the current deadline.

(*Id.* at 3-4.) Defendants oppose the motion, arguing that Federal Rule of Civil Procedure's "excusable neglect" standard applies and that Plaintiff fails to establish excusable neglect. (*See* Dkt. # 19.)

The Federal Rules of Civil Procedure provide: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Whether a litigant has established excusable neglect is entrusted to the Court's discretion. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). The Court considers four factors: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Id.* at 855 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Here, there does not appear to be prejudice to Defendants, the length of delay was minimal and minimally impacts these proceedings, and Plaintiff appears to have acted in good faith. Plaintiff does not explain why he filed his motion for extension of time after the deadline for serving discovery requests had passed, but he signed his motion only one day after the date by which he believed he was supposed to serve discovery. Considering all four factors, the Court finds that Plaintiff has established excusable neglect.

Given that Plaintiff is incarcerated, proceeding *pro se*, and has not requested any other extensions of time, the Court finds good cause to extend the discovery deadline to **December 31, 2019**. The parties are reminded to serve discovery requests at least 30 days before this deadline

to allow the other party time to answer. The Court also extends the dispositive motion deadline to **January 31, 2020**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 23rd day of October, 2019.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge