HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN M. MCCLAM II,

                Plaintiff,

  v.

FRANZ VERHELST et al.,

               Defendants.

Case No. C19-96-RAJ-MLP

ORDER

      This matter is before the Court on Plaintiff's motion for an extension of time to respond to the Honorable Michelle L. Peterson's Report & Recommendation ("R&R") (Dkt. # 60). Dkt. # 64. Defendants oppose this motion. Dkt. # 66.

      Plaintiff filed his first motion to extend time to respond to the R&R on August 6, 2020. Dkt. # 61. The Court granted Plaintiff's pro se motion and extended the deadline to file objections to the R&R to September 21, 2020. Plaintiff contacted attorney Michael Kahrs seeking representation in late August. *Id.* Mr. Kahrs noted that, at the time, he was "unavailable." *Id.* On September 9, 2020, Mr. Kahrs agreed to represent Plaintiff on a pro bono basis only if he could get a stipulated extension of time from opposing counsel. *Id.* at 2. Mr. Kahrs noted that he sent an email to opposing counsel but did not receive a response. *Id.* Defendants do not refute this statement. On September 22, 2020, Plaintiff contacted Mr. Kahrs, who agreed to file a Notice of

ORDER – 1

Appearance and Motion for Extension of Time, even though he had been unable to obtain a stipulated extension of time. *Id.*

A court may, for good cause, extend time on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). A trial court has "wide discretion" in excusing a delay. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). The analysis surrounding a party's untimely filing is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The *Pioneer* Court set forth four factors for a trial court to consider: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith. *Id.*

Here, Plaintiff filed a request for an extension one day past the deadline. The length of this delay is short. There is no prejudice to Defendants, and while the reason for delay is unclear, there is no evidence of bad faith. The *Pioneer* factors, therefore, do not militate against granting Plaintiff a limited extension to file objections. However, an extension of 60 days is unnecessarily long, particularly given that a party is usually permitted 21 days to respond to an R&R. In the interest of fairness, the Court will grant an extension of 30 days for Plaintiff to file his objections to the R&R. The Court hereby **GRANTS** Plaintiff an extension of 30 days from the date of this Order to respond to the R&R (Dkt. # 60).

DATED this 7th day of October, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 2